**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re Avis Rent A Car System, LLC Security Incident Litigation | Case No. 2:24-CV-09243-JXN-MAH<br><br>**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR AN ORDER FINALLY APPROVING THE SETTLEMENT** |

Before the Court is Plaintiffs' Unopposed Motion for and Order Finally Approving the Settlement and Memorandum of Law in Support requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiffs Brooke Pestano, Jason Shay, Chase Schachenman, Jason Bundrik, Bill D. Thomas, Tanisorn Tatiyaratana, Michael Beauchane, Joe Lopez, Katrina Robertson, and Brian Harris (collectively, "Plaintiffs") and Defendants Avis Rent a Car System, LLC and Avis Budget Group, Inc. ("Defendants") as fair, reasonable and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, on July 28, 2026, and for the reasons set forth on the record on that date, and for good cause being shown, the Court makes the following findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS** 28th **day of** July**, 2026,**

**ORDERED** that:

1. Unless otherwise noted, words in this Final Judgment and Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2. On January 22, 2026, the Court entered an Order Granting Preliminary Approval of the Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Notice Program, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and appointing Tyler J. Bean of Siri & Glimstad LLP, Anderson Berry and Gregory Haroutunian of Emery Reddy PC, Marc Edelson and Liberato Verderame of Edelson Lechtzin LLP, and Gary Lynch of Lynch Carpenter

LLP as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Claims Administrator; and (g) set the date for the Final Approval Hearing.

3. In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> **Settlement Class**: All persons whose Private Information was compromised in the Data Security Incident, including all those who were sent Notice.

Excluded from the Settlement Class are all persons who are directors or officers of Defendants, the Judge assigned to the Action, and that Judge's immediate family and Court staff, and any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Security Incident or who pleads nolo contendere to any such charge.

4. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and for settlement purposes only certifies the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

5. Pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Claims Administrator provided Notice to

Settlement Class Members in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

a. Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

b. Advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

c. Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

d. Provided the time, date, and place of the Final Approval Hearing.

6. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

7. The Court finds that the Notice Program implemented by the Claims Administrator constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

8. As of the final date of time for opting out of the Settlement, 3 Settlement Class Member have submitted a valid request to be excluded from the settlement. The names of those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Judgment and Order, as set forth in the Settlement Agreement.

9. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

10. The Court awards Class Counsel $341,632.50 (one-third of the Settlement Fund) in reasonable fees, and $12,010.53 in reimbursement of costs and expenses. The Court finds this amount to be fair and reasonable. Payment shall be

made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

11. The Court awards a Service Award of $2,500.00 to each of the Settlement Class Representatives. The Court finds these amounts are justified by the Settlement Class Representatives' service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

12. As of the Effective Date, Plaintiffs and Settlement Class Members and each and every of their respective past, present, and future heirs, beneficiaries, dependents, spouses, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities in consideration of the relief set forth in the Settlement Agreement, fully and finally release Defendants and each and every of its past, present, and future assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, partnerships, departments, officers, directors, shareholders, members, agents, employees, attorneys, insurers, reinsurers, retail partners, benefit plans, predecessors, successors, vendors, managers, administrators, executors, related or affiliated entities, and trustees, and each of their respective past, present, or future executors, heirs, administrators, joint ventures, personal representatives, assigns, transferees, trustees, insurers, and reinsurers, and

any Person or entity related to any such entity who is, was, or could have been named as a defendant in the Consolidated Class Action Complaint, from any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, asserted or unasserted, liquidated or unliquidated, existing or potential, suspected or unsuspected claims, demands, liabilities, rights, suits, causes of action, obligations, damages, punitive, exemplary or multiplied damages, expenses, costs, losses, attorneys' fees and/or obligations, and remedies of any kind or description, whether in law or in equity, accrued or unaccrued, direct, individual or representative, joint or several, of every nature and description whatsoever, based on any federal, state, local, statutory or common law, whether in tort, contact or quasi-contract, or based on any regulation, rule or any other law, against the Released Persons, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act that the Settlement Class Members had or have, that have been or could have been asserted in the Consolidated Class Action Complaint, or that otherwise relate in any way to or arise from the Data Security Incident. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

13. Plaintiffs and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

14. Plaintiffs and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to fully, finally and forever settle and release the Released Claims, including but not limited to any unknown claims that they may have, as that term is defined in this Paragraph.

15. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

16. Released Claims shall not include the claims of those persons identified in Exhibit A to this Order who have timely and validly requested exclusion from the Settlement Class.

17. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendants of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in the Action.

18. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendants or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

19. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and settlement and all proceedings

had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement status quo ante.

20. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

21. The Court reaffirms the appointment of Angeion Group, LLC as the Claims Administrator.

22. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

23. In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment and Order in this matter, and to close this case.

**IT IS SO ORDERED.**

SO ORDERED on July 28, 2026.

MICHAEL HAMMER, U.S.M.J.

# Exhibit "A"

| EXCLUSIONS | | |
|---|---|---|
| COUNT | FIRST NAME | LAST NAME |
| 1 | ARNDT | NICKLISCH |
| 2 | TIMOTHY D | GODFREY |
| 3 | JEFFREY E | DICKENSON |